```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
JEANETTE JONES,

                  Plaintiff,
                                              09 Civ. 5577 (DAB)
         v.                                   ADOPTION OF REPORT
                                              AND RECOMMENDATION
MICHAEL J. ATRUE, Commissioner of
the Social Security Administration,

                  Defendant.
------------------------------------X
```
DEBORAH A. BATTS, United States District Judge.

This matter is before the Court upon a Report and Recommendation ("Report") of United States Magistrate Judge Frank Maas, which was filed July 15, 2011. The Report recommends that Plaintiff's Motion for Judgment on the Pleadings be GRANTED IN PART, Defendant's Motion for Judgment on the Pleadings be DENIED, and the case be REMANDED for further consideration of the credibility of Plaintiff's complaints regarding the intensity, persistence, and limiting effects of her symptoms. (Report at 1.)

The facts in this matter are meticulously detailed in Judge Maas's Report, and they will not be fully restated here. Plaintiff has submitted timely Objections to the Report, only objecting to the final recommendation that the case be remanded for further consideration.[1]

---

[1] Defendant filed an unhelpful and untimely Response over seven weeks after the filing deadline; Plaintiff filed her

I. OBJECTIONS TO THE REPORT AND RECOMMENDATION

   A. Standard of Review

      1. Standard of Review of a Report and Recommendation

   "Within fourteen days after being served with a copy [of a Magistrate Judge's Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." FED.R.CIV.P. 72(b)(2); accord 28 U.S.C. § 636(b)(1)(C). The court may adopt those portions of the report to which no timely objection has been made, as long as there is no clear error on the face of the record. Wilds v. United Parcel Serv., Inc., 262 F.Supp.2d 163, 169 (S.D.N.Y. 2003).

   A district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

   After conducting the appropriate levels of review, the Court

---

Objection on July 29, 2011 and Defendant filed his Response on September 28, 2011. See FED.R.CIV.P. 72(b)(2).

may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1)(c).

2. Standard for Review of an ALJ's Decision

The Court will "set aside an ALJ's decision only where it is based upon legal error or is not supported by substantial evidence." Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999) (quoting Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir. 1998)). "Substantial evidence . . . is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rosa, 168 F.3d at 77 (quoting Pratts v. Chater, 94 F.3d 34, 37 (2d Cir. 1996)).

To be considered "disabled" under the Social Security Act, "a claimant must demonstrate an 'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.'" Rosa, 168 F.3d at 77 (quoting 42 U.S.C. § 423(d)(1)(A)). An "individual's impairment must be of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. (quoting

3

42 U.S.C. § 423(d)(2)(A)).

The Second Circuit has implemented the Social Security Administration's five-step procedure for evaluating disability claims under 20 C.F.R. § 404.1520 in the following manner:

> First, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the Commissioner next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the Commissioner will consider him disabled without considering vocational factors such as age, education, and work experience . . . Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the Commissioner then determines whether there is other work which the claimant could perform.

Rosa, 168 F.3d at 77 (quoting Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982)).

The claimant bears the burden of proof as to the first four steps. See, e.g., Balsamo v. Chater, 142 F.3d 75, 80 (2d Cir. 1998). If the claimant meets the burden of proving that he cannot return to his past work, the burden shifts to the

Commissioner at the final step.[2] Id.

B. Plaintiff's Objection to the Recommendation for Remand

Plaintiff Jeanette Jones ("Jones") timely filed objections the Magistrate Judge Maas's Report. Jones did not object to Judge Maas's first two recommendations, (Pl.'s Obj. at 1) so the Court will review them only for clear error. Jones did object to the recommendation that the case be remanded to the ALJ for further proceedings, (Pl.'s Obj. at 1) which will therefore be reviewed de novo.

Jones argues that, instead of remanding the case for further proceedings, this Court reverse Defendant Michael J. Astrue's ("Astrue" or "Commissioner") determination, order a benefits award, and remand solely for a calculation of the amount of benefits. (Pl.'s Obj. at 1.) In particular, Jones agrees that Judge Maas correctly concluded the ALJ's credibility determination lacked explanation, which was a reversible error.[3] (Pl.'s Obj. at 2.) Jones asserts, however, that Judge Maas then made two errors: (1) that Judge Maas incorrectly declined to

---

[2] Parties argue about the burden the Commissioner bears at this step; it will be analyzed below.

[3] Since there was no objection to Judge Maas's recommendation that the ALJ erred in its lack of explanation regarding its credibility determination, the Court will review that component of the recommendation for clear error.

evaluate the evidence related to the ALJ's credibility determination and (2) that Judge Maas incorrectly concluded the credibility determination occurred at the ALJ's Step Four analysis,[4] opining that the ALJ made the credibility determination during Step Five. (Pl.'s Obj. at 2-4, 6.) Accordingly, Jones argues, Judge Maas incorrectly remanded the matter for a factual investigation at the Step Four level of inquiry, arguing the appropriate step for remand, if any, was Step Five. (Pl.'s Obj. at 2-3.) The significance of remanding at Step Five instead of Step Four, Jones argues, is that the burden of proof at Step Five shifts from the plaintiff to the Commission. (Pl.'s Obj. at 3.) Because of that burden shift, Jones claims the Commission failed to prove that other jobs exist which Jones can perform, meaning that "all the evidence leads to the conclusion that [she] is disabled." (Pl.'s Obj. at 3, 4.)

> (1) Declining to Review the Evidence or Make a Determination as to Plaintiff's Credibility

The regulations set forth a two-step process to evaluate a claimant's testimony, and thereby credibility, regarding her symptoms. <u>Raja v. Astrue</u>, No. 11-CV-3490, 2012 WL 1887131, at *6

---

[4] An ALJ makes a credibility determination while assessing a person's residual functional capacity. <u>See</u> 20 C.F.R. §§ 404.1520(a)(4)(iv), (e-f); 404.1560(b)(2).

(S.D.N.Y. May 23, 2012). "First, the ALJ must consider whether the claimant has a medically-determinable impairment [that] could reasonably be expected to produce the pain or symptoms alleged by the claimant." Sarchese v. Barnhart, No. 00-CV-9621, 2003 WL 470572, at *10 (S.D.N.Y. Jan. 21, 2003). Then, if the claimant makes allegations that are not substantiated by objective medical evidence, the ALJ must make a finding about the claimant's credibility. Id. at *10.

If the ALJ determines the claimant is not credible, the ALJ must explain its rationale "with sufficient specificity to permit intelligible plenary review of the record." Williams ex rel. Williams v. Bowen, 859 F.2d 255, 260-61 (2d Cir. 1998) (citing Carroll v. Secr'y of Health & Human Servs., 705 F .2d 638, 643 (2d Cir. 1983)); Raja, 2012 WL 1887131, at *7. In making the credibility determination, the ALJ must consider, not only the objective medical evidence, but also seven factors:

> 1. The individual's daily activities; 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms . . . ; and 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

7

SSR 96-7p, 1996 WL 374186, at *3 (July 2, 1996) (citing 20 C.F.R. §§ 404.1529(c), 416.929(c)). Additionally, an ALJ cannot disregard a claimant's statements about pain "solely because they are not substantiated by objective medical evidence." SSR 96-7p, 1996 WL 374186, at *1. Although a reviewing court will afford the ALJ's determination great deference, a "credibility determination will be set aside if it is not set forth with sufficient specificity to enable a reviewing court to decide whether it is supported by substantial evidence." Raja, 2012 WL 1887131, at *6 (internal citations and quotations omitted). In the instant case, the Court finds no clear error in Judge Maas's determination that the ALJ's assessment of Plaintiff's credibility was inadequate.[5]

Plaintiff Jones argues that Judge Maas erred in not evaluating the evidence regarding her credibility. However, where "conclusory determinations . . . leave a reviewing court no basis to determine whether the proper factors were considered," the proper procedure is "to remand this case so that the ALJ can provide her reasoning in a manner" that enables review. Lugo v.

---

[5] Judge Maas notes that the ALJ "at best" made "two references to Jones' credibility." (Report at 48.) Likewise, this Court struggles to find references to Plaintiff's credibility.

8

Apfel, 20 F. Supp. 2d 662, 664 (S.D.N.Y. 1998); Williams, 859 F.2d at 260-61. Jones argues that all evidence points to the fact that she is credible, but the ALJ claims to have found contradictions. And, given the sparse detail by the ALJ, this Court cannot conduct a meaningful review to determine whether she is credible.[6] Accordingly, this Court ADOPTS Judge Maas's recommendation and REMANDS this case to the Commissioner for further proceedings to determine Plaintiff's credibility regarding the intensity, persistence, and limiting effects of her symptoms.

(2) Remanding for Step Four Analysis

Jones asserts, because neither party objected to the ALJ's Step Four analysis and determination, that the Step Four analysis was not even before Judge Maas for review. Jones argues that the only portion of the sequential evaluation process that was to be

---

[6] It is true that the Court has the "power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner . . . with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Thus, remand solely for calculation of benefits is proper "when the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose." Parker v. Harris, 626 F.2d 225, 235 (2d Cir. 1980); Mortise v. Astrue, 713 F. Supp. 2d 111, 128 (N.D.N.Y. 2010) (same). Upon searching the record, this Court can find no persuasive proof of Plaintiff's credibility.

reviewed by Judge Maas was Step Five of the process. In part, Jones is correct; neither party objected to the ALJ's ultimate determinations of the first four steps of the sequential analysis. Judge Maas, therefore, was incorrect in remanding the matter for Step Four analysis.

However, in the Step Four analysis of whether Jones could perform her prior work, the ALJ considered her "residual functional capacity and [her] past relevant work," which includes a credibility determination. 20 C.F.R. § 404.1520(a)(4)(iv). The fifth step also considers her same "residual functional capacity." 20 C.F.R. § 404.1520(a)(4)(v) ("At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work."). Accordingly, the ALJ made its credibility and residual functional capacity determination during its Step Four analysis, which would also be used in its Step Five analysis. Based on the present record, and because this Court remands to the Commissioner for a determination as to Plaintiff's credibility, this Court cannot say with certainty that Jones is disabled and entitled to benefits. Accordingly, the case should be remanded to the Commissioner for a further hearing as to Plaintiff's residual functional capacity after determining whether Plaintiff is

credible. After determining Plaintiff's residual functional capacity, the Commissioner shall proceed to Step Five, not to Step Four as recommended by the Report.

(3) Commissioner's Burden at Step Five Analysis

Plaintiff argues the Commissioner bears the burden as articulated by the Second Circuit in Curry v. Apfel, 209 F.3d 117 (2d Cir. 2000), while Defendant asserts that the SSA regulations promulgated in 2003 have limited the Step 5 burden. 20 C.F.R. § 404.1560(c)(2); see Poupore v. Astrue, 566 F.3d 303 (2d Cir. 2009). Under Curry, the Commissioner must prove that the claimant can perform sedentary work.[7] Curry, 209 F.3d at 123. However, 20 C.F.R. § 404.1560(c)(2) abrogated Curry's standard in cases where the onset of disability was after the regulation's promulgation in 2003. Poupore, 566 F.3d at 306. Under the

---

[7] The Second Circuit in Curry explains: "Although sedentary work is the least rigorous of the five categories of work recognized by SSA regulations, by its very nature sedentary work requires a person to sit for long periods of time even though standing and walking are occasionally required. According to the SSA, sedentary work generally involves up to two hours of standing or walking and six hours of sitting in an eight-hour work day. Sedentary work also involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." Curry, 209 F.3d at 123 (internal quotations, citations, and modifications omitted).

regulation, "the Commissioner need only show that there is work in the national economy that the claimant can do; he need not provide additional evidence of the claimant's residual functional capacity." Id. (citing 20 C.F.R. § 404.1560(c)(2)).

The Second Circuit has repeatedly declined to reach the issue as to whether the Curry standard still holds in cases where the disability onset was prior to the promulgation. See Poupore, 566 F.3d at 306 ("[W]e decline to reach the issue."); see also Mancuso v. Astrue, 361 Fed. Appx. 176, 177 (2d Cir. 2010) ("We left this question open . . . and need not conclusively decide the issue here."). Yet, district courts within this Circuit have repeatedly explained that the Curry standard applies when the onset of disability occurred before the promulgation of 20 C.F.R. § 404.1560(c)(2). See Lupo v. Comm'r of Soc. Sec., 07-CV-4660, 2011 WL 1316105, at *2 (E.D.N.Y. Apr. 4, 2011); see also Brown v. Comm'r of Soc. Sec., 06-CV-3174, 2011 WL 1004696, at *3 (E.D.N.Y. Mar. 18, 2011); Ramos v. Astrue, No. 09-CV-3030, 2010 WL 3325205, at *6 (E.D.N.Y. 2010).

Plaintiff applied for disability benefits on October 14, 1997, well before the promulgation of 20 C.F.R. § 404.1560(c)(2). Thus, when this case is heard on remand, the Commissioner is to apply the Curry standard. Additionally, this Court is mindful of the extensive time Jones has endured while awaiting a final

determination of whether she is entitled to disability. The Commissioner is instructed to make every effort to expedite the rehearing process upon remand.

III. UNOPPOSED RECOMMENDATIONS

Judge Maas's Report makes two unopposed recommendations: that the Commissioner's motion for judgment on the pleadings be denied and that Jones's cross-motion for judgment on the pleadings be granted in part. Having found no clear error on the record with the remainder of the Report, the Court adopts the two unopposed recommendations.

IV. CONCLUSION

Having conducted an independent de novo review of the specifically objected-to portions of the Report and having reviewed for clear error the portions of the Report without objections, it is ORDERED as follows:

1. The Report and Recommendation of United States Magistrate Judge Frank Maas dated July 15, 2011. be and the same hereby is APPROVED, ADOPTED, and RATIFIED AS MODIFIED HEREIN by the Court;

13

2. Defendant's Motion for Judgment on the Pleadings is DENIED, and Plaintiff's Motion for Judgment on the Pleadings is GRANTED IN PART;

3. The case is to be REMANDED to the Commissioner for further consideration of the credibility of Plaintiff's complaints regarding the intensity, persistence, and limiting effects of her symptoms. The Commissioner is to use the <u>Curry</u> standard when undergoing the Step Five analysis; and

4. The Clerk of the Court is directed to CLOSE the docket in this matter.

SO ORDERED.

Dated:  New York, New York
        September 28, 2012

*Deborah A. Batts*
DEBORAH A. BATTS
United States District Judge